COPY

FILED

1   Craig J. Mariam (SBN: 225280)
    William F. Small III (SBN: 253443)
2   GORDON & REES LLP                    13 SEP 26 AM II: 04
    633 W. 5th Street Ste. 5200
3   Los Angeles, CA 90071               CLERK U.S. DISTRICT COURT
    Telephone: (213) 576-5000          CENTRAL DIST. OF CALIF.
4   Facsimile: (877) 306-0043                 LOS ANGELES
    Email: cmariam@gordonrees.com
5   Email: wsmall@gordonrees.com       BY: _____

6   Attorneys for defendant
    Cynosure, Inc., for itself and also for Cynosure, Inc. *erroneously sued as*
7   Cynosure, Inc. Which Will Do Business In California As New England Cynosure,
    Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11   STUART A. LINDER, M.D.; and        CASE NO.  CV13- 7123 GW (ASx)
     STUART A. LINDER, M.D., INC.,

12                        Plaintiffs,   *Removed from the Superior Court of*
                                        *California, Los Angeles County*
13        vs.                           *Case No. SC121015*

14   CYNOSURE, INC.; CYNOSURE,          **NOTICE OF REMOVAL OF CIVIL**
     INC. WHICH WILL DO BUSINESS        **ACTION**
15   IN CALIFORNIA AS NEW               **(DIVERSITY JURISDICTION)**
     ENGLAND CYNOSURE, INC.; and
16   DOES 1 through 50,
                                        Complaint Filed: July 15, 2013
17                        Defendants.   Trial Date:  None set.

18

19

20        PLEASE TAKE NOTICE that defendant Cynosure, Inc., for itself and for

21   Cynosure, Inc. *erroneously sued as* Cynosure, Inc. Which Will Do Business In

22   California As New England Cynosure, Inc., ("Cynosure"), hereby removes the

23   state court action captioned *STUART A. LINDER, M.D., et al. v. CYNOSURE,*

24   *INC., et al.*, Case No. SC121015, Los Angeles County Superior Court, California

25   (the "Action"), to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.  A copy of

26   the complaint that was filed in state court in the Action is attached as **Exhibit 1**.

27   / / /

28   / / /

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

**I.      GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION.**

1.      Cynosure is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, because this action is a civil action involving an amount in controversy exceeding $75,000.00, between parties with complete diversity of citizenship.  28 U.S.C. § 1332(a) (providing that district courts have original jurisdiction where the matter in controversy: (1) exceeds the sum of $75,000.00, exclusive of costs and interest; and (2) is between citizens of different states).

**II.      PLEADINGS.**

2.      Plaintiffs Stuart A. Linder, M.D., and Stuart A. Linder, M.D., Inc. ("Linder, Inc.") bring this Action against Cynosure arising out of plaintiffs' purchase of a Smartlipo Triplex Laser Body Sculpting and Cellulaze Cellulite Laser Workstation ("the Equipment") from Cynosure.  *See* Complaint, ¶ 7.  Plaintiffs allege that the Equipment cost $190,500.00, plus sales tax for a total of $207,168.75.  *Id.*, ¶ 8.  Dr. Linder is a plastic surgeon and the Equipment was to be used in his practice.  *Id.*, ¶ 1; *see id.*, ¶ 7.

3.      Plaintiffs allege that when Dr. Linder first used the Equipment, it injured a patient.  *Id.*, ¶ 7.  Plaintiffs bring 16 separate claims against Cynosure, including fraud, conversion, rescission and restitution, product liability – strict liability and breach of express warranty.  *See* Complaint, p. 1 (listing all 16 purported claims).  There are no other named defendants in the Action.

4.      Plaintiffs commenced the Action against Cynosure by filing the Complaint in the Los Angeles County Superior Court, on July 15, 2013.  *Id.*, p. 1 (stamped with conformed copy filing stamp).  Plaintiffs served Cynosure with the Summons and Complaint on August 27, 2013.  *See* Summons directed to Cynosure, attached as part of **Exhibit 1**.  In addition to Cynosure, plaintiffs erroneously named Cynosure, Inc. Which Will Do Business In California As New England Cynosure, Inc. ("New England Cynosure, Inc.") as a separate defendant.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

-2-

But New England Cynosure, Inc. is not a distinct or currently operating entity; rather, it appears to have been registered in California as a fictitious business name for Cynosure, Inc.  Declaration of Timothy W. Baker ("Baker Decl."), ¶ 4.

## III.   THE REQUIREMENTS OF DIVERSITY JURISDICTION ARE MET.

### A.   There is Complete Diversity of Citizenship.

5.     This is an action between parties with complete diversity of citizenship.  Diversity of citizenship exists where the matter in controversy is between citizens of different states.  28 U.S.C. §1332(a).  A corporation for purposes of 28 U.S.C. § 1332(a) is considered a citizen of any state in which it is incorporated and in which it has its principal place of business.  28 U.S.C. §1332(c).

6.     As pleaded in the complaint, one of the two plaintiffs, Dr. Linder, is a resident of Beverly Hills, California.  Complaint, ¶ 1.  Plaintiffs also plead that Linder, Inc., the other plaintiff, is a corporation that conducts business in the State of California with a principal place of business in Beverly Hills, California.  *Id.*, ¶ 2.

7.     Cynosure is a Delaware corporation with its principal place of business located in Westford, Massachusetts; plaintiffs plead this in their complaint as well.  *Id.*, ¶ 3; *see also* Baker Decl., ¶ 3.  The corporate headquarters for Cynosure is located in Westford, Massachusetts, where the company's officers direct, control, and coordinate Cynosure's activities.  Baker Decl., ¶ 3; see, e.g., *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 130 S. Ct. 1181, 1186 (2010) (holding "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities").

8.     Although plaintiffs also has named additional, fictitious "Doe" defendants, this does not preclude the court from exercising diversity jurisdiction.  Where, as here, a complaint does not give any indication of who the "Doe" defendants might be or how their activities might have given rise to the causes of

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

**NOTICE OF REMOVAL**

1    action, they are not considered for purposes of determining diversity.  *See* 28

2    U.S.C. § 1441(a); *Bogan v. Keene Corp.*, 852 F. 2d 1238, 1240 (9th Cir. 2004).

3         9.    No change in the citizenship of the defendants has occurred since the

4    commencement of the state court action.  Thus, all plaintiffs are of a different

5    citizenship than all defendants; accordingly, complete diversity of citizenship

6    exists, and the first prong of 28 U.S.C. § 1332(a) is satisfied.

7    **B.    The Amount in Controversy Exceeds $75,000.**

8         10.    Under 28 U.S.C. § 1332(a), district courts have original jurisdiction

9    where the matter in controversy exceeds the sum of $75,000.00, exclusive of costs

10   and interest.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir.

11   2007).  The amount in controversy is determined from the allegations or prayer of

12   the complaint.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283,

13   289, 58 S.Ct. 586, 590 (1938).

14        11.    Here, plaintiffs allege in the complaint that they purchased the

15   Equipment from Cynosure for a price of $190,500.00, plus sales tax for a total of

16   $207,168.75.  Complaint, ¶ 8.  Plaintiffs bring a claim for conversion in which they

17   allege that Cynosure "wrongfully took dominion over Plaintiffs [*sic*]

18   aforementioned funds used to purchase the Equipment" and demand return of those

19   funds.  *Id.*, ¶ 32.  Plaintiffs also seek an award of punitive damages and additional

20   damages for emotional distress suffered by Dr. Linder as a result of the alleged

21   conversion.  *Id.*, ¶¶ 33-34.  Plaintiffs also bring a claim for rescission and

22   restitution in which they seek restitution of the funds used to purchase the

23   Equipment.  *Id.*, ¶¶ 39-43.  And plaintiffs' breach of oral contract claim seeks

24   compensatory damages of "at least $207,168.75."  *Id.*, ¶ 53.

25        12.    Therefore, the amount in controversy exceeds the sum of $75,000.00,

26   exclusive of costs and interests.  As such, the amount in controversy requirement

27   set forth in 28 U.S.C. § 1332(a) has been satisfied.

28   / / /

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

**NOTICE OF REMOVAL**

## IV.   THE OTHER REQUIREMENTS OF REMOVAL ARE MET.

**A.   Removal Is Timely.**

13.    Removal is timely because it is made within 30 days of Cynosure having been served with the Summons and the Complaint on August 27, 2013. *See* Summons directed to Cynosure, attached as part of **Exhibit A**; 28 U.S.C. § 1446(b)(3).

**B.   Venue And Other Requirements Are Satisfied**

14.    The Western Division of the United States District Court for the Central District of California includes Los Angeles County, the county in which the Action is now pending.  28 U.S.C. § 84.  Thus, this Court is the proper venue for the Action pursuant to 28 U.S.C. § 1441(a).

15.    As required by 28 U.S.C. § 1446(d), Cynosure is filing a written Notice of  Filing of Removal with the Clerk of the Los Angeles County Superior Court.  A Notice of Filing of Removal To Adverse Party, together with copies of this Notice Of Removal and the Notice Of Filing Notice Of Removal, are being served upon Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

16.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Cynosure are attached collectively as **Exhibit 1**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA  90071**

**NOTICE OF REMOVAL**

1    WHEREFORE Cynosure respectfully removes the Action from the Los

2  Angeles County Superior Court to this Court, pursuant to 28 U.S.C. §§ 1332, 1441,

3  and 1446.

4  Dated:  September 26, 2013          Respectfully submitted,

5

6                                     GORDON & REES LLP

7                                     By: _____

8                                          Craig J. Mariam
                                           William F. Small III
9                                          Attorneys for defendant Cynosure,
                                           Inc., *erroneously sued as* Cynosure,
10                                         Inc. Which Will Do Business In
                                           California As New England Cynosure,
11                                         Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

//16973130v.1

-6-
**NOTICE OF REMOVAL**

# EXHIBIT 1

//v.

# SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** CYNOSURE, INC.; CYNOSURE, INC.
*(AVISO AL DEMANDADO):* WHICH WILL DO BUSINESS IN
CALIFORNIA AS NEW ENGLAND CYNOSURE, INC.; and DOES 1
through 50,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 15 2013

John A. Clarke, Executive Officer/Clerk

M. Vandeman

**YOU ARE BEING SUED BY PLAINTIFF:** STUART A. LINDER, M.D.;
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* and STUART A.
LINDER, M.D., INC.,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>(Número del Caso): SC121015 |
|---|---|

The name and address of the court is:
*(El nombre y dirección de la corte es):*
LOS ANGELES SUPERIOR COURT
WEST DISTRICT
1725 Main Street
Santa Monica, CA 90401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arthur H. Barens, Esq., SBN 43215      (310) 557-0444   (310) 557-0444
LAW OFFICES OF ARTHUR H. BARENS
10209 Santa Monica Blvd.,
Los Angeles, CA 90067

DATE: JUL 15 2013    JOHN A. CLARKE, CLERK, by    M. Vandeman    , Deputy
*(Fecha)*              *(Secretario)*                                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Cynosure, Inc.

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☒ by personal delivery on (date): 8/27/13

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

Legal Solutions Plus

Exhibit 1

7

Arthur H. Barens, Esq. 43215
**LAW OFFICES OF ARTHUR H. BARENS**
A Professional Corporation
10209 Santa Monica Boulevard
Los Angeles, CA 90067
(310) 557-0444 telephone
(310) 557-1432 facsimile

Attorneys for Plaintiffs,
STUART A. LINDER, M.D., and STUART A. LINDER, M.D., INC.

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 1 5 2013

John A. Clarke, Executive Officer/Clerk

By _____ M. Vandeman

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES - WEST JUDICIAL DISTRICT**

Richard A. Stone

| | |
|---|---|
| STUART A. LINDER, M.D.; and STUART A. LINDER, M.D., INC., | CASE NO. **SC121015** |
| Plaintiffs, | **COMPLAINT FOR:** |
| v. | 1. **FRAUD;** <br> 2. **NEGLIGENT MISREPRESENTATION;** <br> 3. **FALSE ADVERTISING;** <br> 4. **CONVERSION;** |
| CYNOSURE, INC.; CYNOSURE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS NEW ENGLAND CYNOSURE, INC.; and DOES 1 through 50, | 5. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, et seq.;** <br> 6. **RESCISSION AND RESTITUTION;** <br> 7. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;** <br> 8. **BREACH OF ORAL CONTRACT;** <br> 9. **PRODUCT LIABILITY – STRICT LIABILITY;** |
| Defendants. | 10. **PRODUCT LIABILITY – NEGLIGENCE;** <br> 11. **BREACH OF EXPRESS WARRANTY;** <br> 12. **BREACH OF IMPLIED WARRANTY;** <br> 13. **FALSE REPRESENTATION UNDER RESTATEMENT OF TORTS, 2nd, §402- B;** <br> 14. **FAILURE TO WARN;** <br> 15. **PUNITIVE DAMAGES;** <br> and <br> 16. **DECLARATORY RELIEF** |

CASE MANAGEMENT CONFERENCE
OCT 2 8 2013    8:30-A

Date

Plaintiffs, STUART A. LINDER, M.D. ("Dr. Linder"), and STUART A. LINDER, M.D., INC. ("Linder, Inc."), allege as follows:

<hr>

**COMPLAINT**                    -1-

Exhibit 1
8

1.      Plaintiff, Dr. Linder, is now, and at all times mentioned herein has been, a medical doctor duly licensed by the State of California to practice medicine, and has at all relevant times mentioned provided services to his patients as a medical doctor, with a specialty in plastic surgery, in the City of Beverly Hills.  Dr. Linder at all relevant times herein has been, and is, a resident of Beverly Hills, California, in the 90210 zip code.

2.      Plaintiff Linder, Inc., is now, and at all times mentioned herein has been, a California corporation with a principal place of business at 9675 Brighton Way, Suite 420, Beverly Hills, CA 90210.

3.      Plaintiff is informed and believes, and thereon alleges, that Defendant CYNOSURE, INC., is now, and at all times mentioned herein has been, a Delaware corporation conducting business in California, Los Angeles County, City of Los Angeles, and in the City of Beverly Hills, with a principal business address at 5 Carlisle Rd., Westford, MA 01886.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendant CYNOSURE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS NEW ENGLAND CYNOSURE, INC., is now, and at all times mentioned herein has been, a Delaware corporation conducting business in California, Los Angeles County, City of Los Angeles, and in the City of Beverly Hills, with a principal business address at 5 Carlisle Rd., Westford, MA 01886.

5.      Plaintiff is ignorant of the true names or capacities, whether individual, corporate, partnership or otherwise, of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each such fictitiously named defendant was/is responsible for the acts, errors and/or omissions hereinafter alleged to have proximately caused damages to plaintiff.

6.      Plaintiff is informed and believes, and based upon such information and belief alleges, that at all times herein relevant, each defendant, whether specifically named or fictitiously named, was acting as a servant, agent and employee of each and every co-defendant, and in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such employment and authority, and with the knowledge and consent of said co-defendants; each defendant ratified and approved the acts of the other defendants.  Plaintiff is informed and believes,

COMPLAINT

- 2 -

Exhibit 1

9

1   and thereon alleges, that Defendants, and each of them, were at all times mentioned herein serving

2   a purpose of their own with malice and ill will toward Plaintiff in carrying out the conduct herein

3   alleged and are responsible, in some manner, for the occurrences and damages herein alleged.

4   <u>**FACTS COMMON TO ALL CAUSES OF ACTION**</u>

5       7.    Within the past year from the filing of this complaint, Plaintiffs purchased from the

6   Defendants a Smartlipo Triplex Laser Body Sculpting and Cellulaze Cellulite Laser Workstation

7   (hereafter referred to as "the Equipment"). The very first time Plaintiffs used the Equipment, as

8   directed by the Defendants and as designed, during a procedure on Plaintiffs' patient, the Equipment

9   injured the patient. Clearly, Plaintiffs could not use the Equipment again on a patient since Plaintiffs

10  now knew the danger the Equipment posed to a patient when the Equipment was used as designed

11  and as so directed by Defendants.

12      8.    Plaintiffs purchased the Equipment from the Defendants for $190,500, plus sales tax,

13  for a total of $207,168.75.

14      9.    Following the aforementioned injury which the Equipment caused to the patient,

15  Plaintiffs notified Defendants that Plaintiffs were rescinding the purchase of the Equipment.

16  Defendants have refused to rescind the subject purchase.

17      10.    It is clear that the Equipment is defective, can and did cause injury when used as

18  directed by Defendants and as designed, and is unsafe and inappropriate for use on patients when

19  used as directed by Defendants and as designed.

20  <u>**FIRST CAUSE OF ACTION –**</u>

21  <u>**FRAUD**</u>

22  <u>**[AGAINST ALL DEFENDANTS]**</u>

23      11.    Plaintiffs repeat and re-allege each and every allegation contained in all preceding

24  paragraphs of the complaint and incorporates the same as though fully set forth herein.

25      12.    Defendants promised and represented to Plaintiffs that the Equipment was safe to use

26  on patients when used as designed and directed by Defendants. Defendants failed to advise Plaintiffs

27  that the Equipment may not be safe to use on patients even when used as designed and directed by

28  Defendants.   Plaintiffs are informed and believe and thereon allege that this promise and

**COMPLAINT**                                                -3-

Exhibit 1
10

representation, and failure to advise, were made by Defendants in concert with, and in conspiracy with, the other Defendants in furtherance of their conspiracy to defraud Plaintiffs in purchasing the Equipment while knowing at all times that the Equipment may not be safe to use on patients when used as designed and directed by Defendants.  There were no grounds, actual, reasonable or otherwise, on which to promise and represent to Plaintiffs that the Equipment was safe when used as designed and directed by Defendants, and/or fail to advise Plaintiffs that the Equipment may not be safe to use on patients even when used as designed and directed by Defendants..

13.     Plaintiffs are informed and believe and thereon allege that the representations made by Defendants to Plaintiffs of the safety of the Equipment were false each time they were made and that the Defendants never believed, nor had reasonable grounds on which to believe, that the Equipment was safe to use on Plaintiffs' patients when used as designed and directed by Defendants.

14.     Plaintiffs are informed and believe and thereon allege the aforementioned representations were false and Defendants made said representations, and failed to make said representation that the Equipment may not be safe to use on patients even when used as designed and directed by Defendants. in order to induce Plaintiffs to rely upon said representations and purchase the Equipment.

15.     Plaintiffs did in fact rely upon said representations and were thereby damaged, for which Plaintiffs are seeking economic and non-economic damages against the Defendants according to proof.

16.     In reliance upon said representations, Plaintiffs purchased the Equipment from the Defendants.

17.     The Defendants have failed and refused, and continue to fail and refuse, to return any of the purchase price to the Plaintiffs, notwithstanding Plaintiffs request to rescind the subject purchase.

18.     Plaintiffs are informed and believe and thereon allege that the actions of Defendants were perpetrated with, and Defendants are guilty of, fraud, oppression and malice, meriting an award of punitive damages, in addition to compensatory damages. Plaintiffs hereby request an award of punitive damages under this cause of action according to proof at trial.

**COMPLAINT**

-4-

Exhibit 1

11

## SECOND CAUSE OF ACTION –

## FOR NEGLIGENT MISREPRESENTATION

## AGAINST ALL DEFENDANTS

20.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 11, above, as though fully set forth herein.

21.     At all times referred to herein, the Defendants, and each of them, negligently and unreasonably informed Plaintiffs that the Equipment was safe to use on patients when used as designed and directed by Defendants, and failed to advise Plaintiffs that the Equipment may not be safe to use on patients even when used as designed and directed by Defendants.

22.     When the Defendants, and each of them, made these representations, and/or failure to disclose, there was no reasonable ground for believing them to be true. Defendants, and each of them, knew, or should have known, that these representations were quite possibly not true. Defendants, and each of them, concealed from Plaintiffs this information and the consequent inability to make the alleged representations accurately. These representations were made by Defendants, and each of them, with the intent to have Plaintiffs purchase the Equipment as set forth above. Plaintiffs relied on Defendants' representations by believing them to be true, and as a result, Plaintiffs purchased the Equipment.

23.     Plaintiffs, at the time these representations were made, and the failure to disclose, by Defendants, and each of them, and at the time Plaintiffs took the actions herein alleged, were ignorant of the falsity of Defendants' representation and believed them to be true. In reliance on these representations, Plaintiffs were induced to, and did, purchase the Equipment as set forth above.

24.     As a proximate result of Defendants, and each of their, negligent misrepresentations, and the facts herein alleged, Plaintiffs have suffered, and will suffer, general damages and special damages for which Plaintiffs seek recovery against the Defendants, and each of them, according to proof.

///

///

///

**COMPLAINT**                                                   -5-

Exhibit 1

12

### THIRD CAUSE OF ACTION –
### FOR FALSE ADVERTISING
### AGAINST ALL DEFENDANTS

25.   Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the above paragraphs as though fully set forth herein.

26.   The Defendants, and each of them, engaged in untrue and/or misleading advertising which the Defendants knew, or which reasonably should have been known, to be untrue or misleading. Specifically, the Defendants advertised to Plaintiff, and the public, within the past two years from the date this complaint was filed, that the Equipment was safe to use on patients when used as designed and directed by Defendants. As stated above, the Defendants knew, or should have known, that the Equipment may not be safe to use on patients even when used as designed and directed by Defendants. The truth is that the Equipment may not be safe to use on patients when used as designed and directed by Defendants, and, in fact, the Equipment was not safe to use on Plaintiffs' patient when used as designed and directed by Defendants.

27.   Such action by the Defendants amounted to unfair, deceptive, untrue and/or misleading advertising. Said advertisement was, and is, a false or misleading statement since members of the public, as reasonable consumers, were likely to be deceived.

28.   In light of the false advertisement set forth above, and each false advertisement by Defendants, and Plaintiffs' reliance thereon as set forth above, Plaintiffs seek an injunction against the Defendants, and each of them, prohibiting Defendants from engaging in such false and misleading commercial advertising.

29.   Plaintiffs seek an imposition of a civil penalty against the Defendants for said false and misleading advertising in the sum of $2,500 for each said violation of *Business and Professions Code* §§ 17200 and 17500, for a total penalty of $5,000 for each unlawful act.

30.   Plaintiffs also seek restitution from the Defendants of the subject purchase price and tax based upon the subject false and misleading advertising, along with interest thereon at the maximum legal rate.

**COMPLAINT**                                                          – 6 –

Exhibit 1
13

## FOURTH CAUSE OF ACTION –

### FOR CONVERSION

### AGAINST ALL DEFENDANTS

31.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the above paragraphs as though fully set forth herein.

32.     As set forth above, Defendants, and each of them, wrongfully took dominion over Plaintiffs aforementioned funds used to purchase the Equipment, and continue to wrongfully exert dominion over said funds, notwithstanding Plaintiffs' repeated demands to return said funds. Plaintiffs, at all relevant times, had ownership or right to possession of the subject funds. The Defendants converted said funds by a wrongful act as set forth above, and Plaintiffs have been, and continue to be, damaged as a proximate result of said conversion.

33.     Based upon the above, Plaintiffs demand return of the subject monies, or its present value, and additional damages according to proof for the emotional distress Plaintiff Dr. Linder suffered as a proximate result of the conversion.

34.     Plaintiffs are informed and believe and thereon allege that the actions of the Defendants were perpetrated with, and Defendants are guilty of, fraud, oppression and malice, meriting an award of punitive damages, in addition to compensatory damages. Plaintiffs hereby request an award of punitive damages under this cause of action according to proof at trial.

### FIFTH CAUSE OF ACTION –

### FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, et seq.

### AGAINST ALL DEFENDANTS

35.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the above paragraphs as though fully set forth herein.

36.     Defendants, as set forth above, engaged in unlawful, unfair and/or fraudulent business acts or practices in violation of *Business and Professions Code* §§ 17200, et seq. Said practice offends an established public policy and is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers. Defendants had no reasonable basis to claim that the Equipment would be safe to use on Plaintiffs' patients when the Equipment was used as designed

Exhibit 1

14

1    and directed by Defendants at the time they so represented such to the Plaintiffs and the public,

2    and no reasonable basis to fail to advise Plaintiffs that the Equipment may not be safe to use on

3    patients even when used as designed and directed by Defendants.. Defendants made said false

4    representations and failure to disclose simply to cause Plaintiffs and/or the public to tender the

5    monies Plaintiffs paid Defendants to purchase the Equipment and Defendants had no reasonable

6    basis on which to believe those representations and failure to disclose.  The Plaintiffs and the

7    public were likely to be deceived and were in fact deceived by the subject false representations

8    and failure to disclose.

9    37.    In light of Defendants' subject violation of *Business and Professions Code* §§

10   17200, et seq., Plaintiffs demands an injunction be issued for the Defendants' past, present, and

11   proposed unfair competition.  Plaintiffs also demand return of the subject monies Plaintiff

12   tendered to the Defendants for the purchase of the Equipment, with interest thereon at the

13   maximum legal rate, and Defendants' disgorgement of profits earned by the subject unlawful

14   sales of the Equipment, according to proof.

15                       **SIXTH CAUSE OF ACTION –**

16               **FOR RESCISSION AND RESTITUTION**

17                   **AGAINST ALL DEFENDANTS**

18   38.    Plaintiffs reallege and incorporate herein by reference each and every allegation

19   contained in the above paragraphs as though fully set forth herein.

20   39.    As set forth in this complaint, within the past year from the date of the filing of

21   this complaint, the parties entered into an oral agreement for Plaintiffs to purchase the

22   Equipment, the terms and conditions of which are set forth in this complaint.  As set forth above,

23   Defendants, with the intent to deceive Plaintiffs and to induce Plaintiffs to enter into said

24   agreement, represented and promised Plaintiffs that the Equipment was safe to use on Plaintiffs'

25   patients when the Equipment was used as designed and directed by Defendants.  Defendants

26   failed to advise Plaintiffs that the Equipment may not be safe to use on patients even when used

27   as designed and directed by Defendants.  At no time did Defendants have the actual or reasonable

28   belief that the Equipment was safe to use on Plaintiffs' patients when the Equipment was used as

---

**COMPLAINT**                                                    – 8 –

Exhibit 1

15

1   designed and directed by Defendants, and Defendants knew that the Equipment may not be safe

2   to use on patients even when used as designed and directed by Defendants. Plaintiffs, in

3   reasonable reliance thereon, entered into said agreement to purchase the Equipment.

4        40.    Plaintiffs have tendered the purchase price and tax to Defendants as set forth

5   above in furtherance of said (mis)representations and (false) promises of Defendants. In light of

6   Defendants' subject misrepresentations and false promises, Plaintiffs are excused from

7   performing any further under the agreement, or otherwise.

8        41.    In 2013, Plaintiffs served notice on the Defendants of rescission of the

9   aforementioned agreement and demanded restitution of said purchase monies, based upon the

10  aforementioned false representations and promises that the Equipment was safe to use as

11  designed and directed by the Defendants, and Defendants' failure to advise Plaintiffs that the

12  Equipment may not be safe to use on patients even when used as designed and directed by

13  Defendants. At all relevant times, Defendants knew that the aforementioned representations and

14  promises were false and knew that the subject failure to disclose would be relied upon by

15  Plaintiffs. Defendants did not have a reasonable basis on which to believe the representations

16  and promises were true and did not have a reasonable basis on which to believe that the subject

17  failure to disclose would not be material to Plaintiffs. Defendants have refused, and continue to

18  refuse, to return said consideration tendered by Plaintiffs and/or to recognize that said agreement

19  has been rescinded. The service of summons of this complaint will also serve as notice of

20  rescission of the aforementioned agreement and restitution of said purchase monies. Plaintiffs

21  will restore to Defendants any and all consideration furnished by Defendants to Plaintiffs under

22  said agreement.

23       42.    Plaintiffs will suffer irreparable and substantial harm if the aforementioned

24  monies furnished by Plaintiffs, with interest thereon at the maximum legal rate, are not restored.

25       43.    Based upon the above, Plaintiffs requests a determination by the Court that said

26  agreement has been rescinded and order restitution of the aforementioned monies by Plaintiffs,

27  with interest at the maximum legal rate.

28

---

**COMPLAINT**                                                    -9-

Exhibit 1

16

### SEVENTH CAUSE OF ACTION –
### FOR BREACH OF THE IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING
### AGAINST ALL DEFENDANTS

44.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the above paragraphs as though fully set forth herein.

45.     In every agreement there is an implied covenant of good faith and fair dealing by each party not to do anything which will deprive the other party of the benefits of the agreement, and a breach of this covenant by failure to deal fairly or in good faith gives rise to an action for damages.

46.     As set forth above and below in this complaint, Plaintiffs and Defendants entered into the subject agreement as a result of Defendants' misrepresentations, false promises and failure to disclose material information, when Defendants did not believe, or had good reason to believe, the subject representations, promises and the non-materiality of the failure to disclose. The agreement includes an implied covenant on each party to refrain from doing anything which would render performance of the agreement impossible by any act of his/its/their own, and also the duty to do everything that the agreement presupposes that each party will do to accomplish its purpose.  Defendants breached the implied covenant of good faith and fair dealing by failing to disclose material information, as set forth above, and my making the misrepresentation and false promises to induce Plaintiffs to purchase the Equipment.

47.     As a proximate result of the Defendants breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered compensatory damages according to proof, including, but not limited to, the tendering of the monies to Defendants as set forth above, plus interest thereon at the maximum legal rate.

### EIGHTH CAUSE OF ACTION –
### FOR BREACH OF ORAL CONTRACT
### AGAINST ALL DEFENDANTS

48.     Plaintiffs reallege and incorporate herein by reference each and every allegation

Exhibit 1
17

1  contained in the above paragraphs as though fully set forth herein.

2      49.    Within the past two years from the filing date of this complaint, Defendants and

3  Plaintiffs orally contracted for Plaintiffs to purchase the Equipment from the Defendants. In

4  furtherance of the contract, Plaintiffs purchased the Equipment from the Defendants for

5  $190,500, plus sales tax, for a total of $207,168.75, and Plaintiffs tendered the entirety of the

6  purchase price to Defendants.

7      50.    Plaintiffs have performed all that was required of them under the contract.

8  Plaintiffs purchased the Equipment only to later learn that the Equipment was defective.

9  Notwithstanding Plaintiffs' use of the Equipment on Plaintiffs' patient pursuant to the design of

10  the Equipment and as instructed by the Defendants, Plaintiffs' patient was injured by the

11  Equipment.

12      51.    Plaintiffs have fulfilled their obligations and complied with any and all conditions

13  and agreements of the subject oral contract.

14      52.    To the extent Plaintiffs were unable to perform because Defendants prevented

15  them from doing so, Plaintiffs are excused for said non-performance.

16      53.    Defendants' subject breach of selling Plaintiffs the (defective) Equipment has

17  proximately caused Plaintiffs to suffer compensatory damages in a sum according to proof,

18  which is at least $207,168.75 (the subject purchase price of the Equipment and tax thereon), plus

19  interest at the maximum legal rate, for which Plaintiffs are demanding the return or payment

20  thereof as damages against the Defendants.

21              **NINTH CAUSE OF ACTION –**

22      **FOR PRODUCT LIABILITY – STRICT LIABILITY**

23              **AGAINST ALL DEFENDANTS**

24      54.    Plaintiffs reallege and incorporate herein by reference each and every allegation

25  contained in the above paragraphs as though fully set forth herein.

26      55.    Defendants manufactured, designed, assembled, compounded, tested or failed to test,

27  inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed,

28  serviced, merchandised, recommended, advertised, promoted, marketed and sold the Equipment and

**COMPLAINT**                                    -11-

Exhibit 1
18

1   its component parts and constituents, which was intended by the Defendants, and each of them, to

2   be used for the purpose as so used by Plaintiffs on Plaintiffs' patient, and other related activities.

3       56.    Defendants knew that the Equipment was to be purchased and used without

4   inspection for defects by Plaintiffs and the public.

5       57.    The Equipment was unsafe for its intended use by reason of defects in its

6   manufacture, design, testing, components and constituents, so that it would not safely serve its

7   purpose, but would instead expose the users of said product to serious injury because of the failure

8   of Defendants, and each of them, to properly guard and protect the users of the Equipment from the

9   defective design of said product.

10      58.    Plaintiffs were not aware of said defects at any time prior to the injuries caused by

11  the Equipment.

12      59.    As a proximate result of the said defects of the Equipment, Plaintiffs sustained

13  damages as set forth above, including economic and non-economic damages, according to proof.

**TENTH CAUSE OF ACTION –**

**FOR PRODUCT LIABILITY – NEGLIGENCE**

**AGAINST ALL DEFENDANTS**

17      60.    Plaintiffs reallege and incorporate herein by reference each and every allegation

18  contained in the above paragraphs as though fully set forth herein.

19      61.    At all times herein mentioned, Defendants were engaged in the business of

20  manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling,

21  fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending,

22  advertising, promoting, marketing, leasing and/or selling the Equipment for use by members of the

23  public, including the Plaintiffs.

24      62.    At all times herein mentioned, Defendants were engaged in the business of

25  distributing, supplying, assembling, leasing, and selling the Equipment.

26      63.    At all times herein mentioned, Defendants knew, or in the exercise of reasonable care

27  should have known, that the Equipment was a product of such a nature that if it was not properly

28  manufactured, designed, assembled, compounded, tested, inspected, packaged, labeled, fabricated,

**COMPLAINT**                                    -12-

Exhibit 1

19

1    constructed, analyzed, distributed, serviced, merchandised, recommended, warned, instructed,

2    advertised, promoted, marketed, and sold, for the use and purpose for which it was intended, it was

3    likely to cause serious injury to the person or persons by whom it was used and for whose safety it

4    was originally intended.

5          64.    At all times herein mentioned, Defendants so negligently and carelessly

6    manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to

7    inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised,

8    recommended, warned, instructed, advertised, promoted, marketed and sold the Equipment, so that

9    it was in a dangerous and defective condition and unsafe for the use and purpose for which it was

10   intended when used as recommended by the Defendants.

11         65.    The defective and dangerous character and condition of the Equipment, in that it was

12   unsafe for the use and purpose for which it was intended when used as recommended by Defendants

13   was known to Defendants, or in the exercise of ordinary care should have been known and

14   discovered by them. Furthermore, the dangerous and defective character and condition of the

15   Equipment was not made known to Plaintiffs by Defendants.

16         66.    Within the last year, Defendants sold the Equipment to Plaintiffs for valuable

17   consideration.

18         67.    While Plaintiff were properly utilizing the Equipment on Plaintiffs' patient for the

19   purpose for which the Equipment was intended, and as a legal result of the aforementioned

20   negligence and carelessness of Defendants, the Equipment failed to function without injuring the

21   patient.

22         68.    As a legal result of the negligence of the Defendants, Plaintiffs' patient sustained

23   injury to her person, and thereby caused damage to Plaintiffs.

24         69.    Plaintiffs were not aware of any defects in the Equipment at any time prior to the

25   injuries caused by the Equipment.

26         70.    As a proximate result of the said defects of the Equipment, Plaintiffs sustained

27   damages as set forth above, including economic and non-economic damages, according to proof.

28

**COMPLAINT**

-13-

Exhibit 1

20

## ELEVENTH CAUSE OF ACTION –

## FOR BREACH OF EXPRESS WARRANTY

## AGAINST ALL DEFENDANTS

71.   Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the above paragraphs as though fully set forth herein.

72.   Within the last year, and prior thereto, the Defendants utilized advertising media, professional publications and detail persons to urge the use and purchase of the Equipment, and expressly warranted to members of the public, including the Plaintiffs herein, that the Equipment was effective, proper and safe for its intended use.

73.   Plaintiffs relied upon the said express warranty representations of the Defendants in the purchase and use of the Equipment.

74.   The Equipment was/is not effective, proper and/or safe for its intended use as expressly warranted by Defendants in that the Equipment was defective, thereby causing serious injury when the Equipment was being put to its intended use.

75.   Within a reasonable time after discovery that the Equipment was defective and unsafe for its intended use, Plaintiffs notified the Defendants of the breach of said express warranty in the manner and form prescribed by law.

76.   As a proximate result of the breach of the said express warranty, Plaintiffs sustained damages hereinabove set forth, including economic and non-economic damages according to proof.

## TWELFTH CAUSE OF ACTION –

## FOR BREACH OF IMPLIED WARRANTY

## AGAINST ALL DEFENDANTS

77.   Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the above paragraphs as though fully set forth herein.

78.   Within the last year, and prior to the time that the Equipment was being used by Plaintiffs at the time of the subject incident, the Defendants, and each of them, impliedly warranted to members of the public, including the Plaintiffs herein, that the Equipment was of merchantable quality and safe for the use for which it was intended by the Defendants, namely, for the purpose of

1   which Plaintiffs used the Equipment on Plaintiffs' patient, and other related activities.

2       79.     Plaintiffs relied on the skill and judgment of the Defendants in the selection, purchase

3   and use of the Equipment.

4       80.     The Equipment was not safe for its intended use nor was it of merchantable quality

5   as warranted by the Defendants in that it was defectively designed, thereby dangerously exposing

6   the user of Equipment and those around it to serious injury.

7       81.     After Plaintiffs patient received the injuries complained of herein as a result of said

8   defective condition of the Equipment, notice was given by Plaintiffs to Defendants, in the time and

9   in the manner and in the form prescribed by law, of the breach of said implied warranty.

10      82.     As a proximate result of the breach of said implied warranty, Plaintiffs sustained

11  damages hereinabove set forth, including economic and non-economic damages according to proof.

12                          **THIRTEENTH CAUSE OF ACTION –**

13                      **FOR FALSE REPRESENTATION UNDER**

14                  **RESTATEMENT OF TORTS, 2nd, §402- B**

15                          **AGAINST ALL DEFENDANTS**

16      83.     Plaintiffs reallege and incorporate herein by reference each and every allegation

17  contained in the above paragraphs as though fully set forth herein.

18      84.     At the aforementioned time when defendants manufactured, designed, assembled,

19  compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated,

20  constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted,

21  marketed and sold the Equipment, and its component parts and constituents, as hereinabove set forth,

22  the Defendants expressly and impliedly represented to members of the public, including the Plaintiffs

23  herein, that the Equipment and its component parts and constituents, were of merchantable quality

24  and safe for the use for which it was intended.

25      85.     Plaintiffs relied upon said representations of the Defendants in the selection, purchase

26  and use of the Equipment.

27      86.     Said representations by the Defendants were false and untrue, in that the Equipment

28  was not safe for its intended use, nor was it of merchantable quality as represented by the

                                **COMPLAINT**                                    -15-

Exhibit 1

22

1  Defendants, in that it had very dangerous properties and defects that caused injury and damage to

2  the users of said product, including the Plaintiffs patient and damage to Plaintiffs herein, thereby

3  threatening the health and life of Plaintiffs' patients, and thereby Plaintiffs themselves.

4     87.   As a proximate result thereof, Plaintiffs sustained damages hereinabove set forth,

5  including economic and non-economic damages according to proof.

## FOURTEENTH CAUSE OF ACTION –

## FAILURE TO WARN

## AGAINST ALL DEFENDANTS

9     88.   Plaintiffs reallege and incorporate herein by reference each and every allegation

10  contained in the above paragraphs as though fully set forth herein.

11     89.   At the aforementioned time when the Defendants manufactured designed, assembled,

12  compounded, tested, inspected, packaged, labeled, fabricated, constructed, analyzed, distributed,

13  serviced, merchandised, recommended, advertised, promoted, marketed, and sold the Equipment,

14  and all component parts thereof, the Equipment was defective as a result of the Defendants' failure

15  to give a clear, specific, and adequate warning by sign, label or otherwise as to the Equipment's

16  dangers, thereby making the Equipment unsafe for its intended purposes.

17     90.   As a proximate result thereof, Plaintiffs sustained damages hereinabove set forth,

18  including economic and non-economic damages according to proof.

## FIFTEENTH CAUSE OF ACTION –

## FOR PUNITIVE DAMAGES

## AGAINST ALL DEFENDANTS

22     91.   Plaintiffs reallege and incorporate herein by reference each and every allegation

23  contained in the above paragraphs as though fully set forth herein.

24     92.   Defendants manufactured, designed, assembled, compounded, tested or failed to test,

25  inspect or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed,

26  serviced, merchandised, recommended, advertised, promoted, marketed and sold the Equipment, and

27  all its component parts thereof, which Defendants knew, or should have known, to be dangerous and

28  defective for the purpose for which it was intended it to be used, namely, the manner in which

---

**COMPLAINT**                                                    -16-

Exhibit 1

23

1    Plaintiffs were using the Equipment when Plaintiffs' patient was injured by the Equipment.

2    93.    At all times herein mentioned, prior to and at the time the Defendants sold the

3    Equipment to Plaintiffs, the Defendants, and each of them, knew or should have known, as a result

4    of studies, tests, research, complaints of consumers and other information, that the Equipment was

5    defective or was likely to be defective, which would cause serious injury and damage to the user of

6    the Equipment, thereby threatening the life and health of the consumer.  Additionally, and at all of

7    said times, the Defendants knew that the Equipment had defects and identical Equipment had caused

8    serious injury and damage to other users of the same.

9    94.    At all times herein mentioned, the Defendants, despite the actual knowledge described

10   hereinabove, intentionally suppressed the aforementioned results, prior incidences of injury,

11   complaints and other information to keep such knowledge from the public, including the Plaintiffs

12   herein, and failed to take any steps to warn the Plaintiffs, or other members of the public, of the

13   dangers of using the Equipment.

14   95.    At all times herein mentioned, the Defendants had actual knowledge of the facts

15   hereinabove alleged demonstrating that serious injury to users of the Equipment, including Plaintiffs

16   and their patients, would probably result.  The Defendants nevertheless deliberately failed and

17   refused to take appropriate steps to prevent such injuries. The Defendants, and each of them,

18   misrepresented the safety of the Equipment, and failed and refused to take any steps to prevent injury

19   from the Equipment in order to increase the profit of the Defendants from the sale of the Equipment.

20   96.    As a proximate result of the said defects and the acts and conduct of the Defendants,

21   as hereinabove alleged, Plaintiffs sustained damages hereinabove set forth.

22   97.    The conduct and acts of the Defendants, as hereinabove set forth, in allowing such

23   the Equipment which was extremely dangerous to be used by a member of the public, including the

24   Plaintiffs herein, constitute fraud, malice, and oppression toward the Plaintiffs, and a willful and

25   conscious disregard of the safety of Plaintiffs' patients. Plaintiffs are, therefore, entitled to punitive

26   damages, which would serve to punish and make examples of the Defendants as the court may deem

27   just and proper.

28   98.    The advance knowledge, conscious disregard, authorization, ratification or acts of

---

**COMPLAINT**                                                    -17-

Exhibit 1

24

1    oppression, fraud or malice were on the part of the officers, directors, and/or managing agents of the

2    Defendants sued in this cause of action.

3                               **SIXTENTH CAUSE OF ACTION –**

4                               **FOR DECLARATORY RELIEF**

5                               **AGAINST ALL DEFENDANTS**

6           99.    Plaintiff realleges and incorporates herein by reference each and every allegation

7    contained in the above paragraphs as though fully set forth herein.

8           100.   Plaintiffs desire a judicial determination and declaration of the parties' respective

9    rights, duties and obligations under the oral and written contracts in question, specifically that

10   Plaintiffs are not to perform further under any such contract and that Defendants are to return the

11   subject purchase monies, and tax, Plaintiffs have tendered to the Defendants as set forth above, and

12   that the subject contract is rescinded and full restitution of the subject monies Plaintiffs have

13   tendered to Defendants are to be returned to the Plaintiffs, along with interest thereon at the

14   maximum legal rate.

15

16          WHEREFORE, Plaintiffs demand judgment for:

17          A declaration of the parties' respective rights, duties and obligations under the contract set

18   forth above; compensatory damages according to proof; non-economic damages according to proof;

19   punitive damages according to proof; reasonable attorney's fees to the extent such attorney's fees

20   are allowed to be recovered in this action; other economic damages according to proof; interest at

21   the maximum legal rate from the earliest time allowed by law to the time the damages are paid on

22   the monies to which Plaintiffs may obtain said interest; Plaintiff's expenses and costs; and any and

23   all other relief the court deems just and proper.

24   DATED: June 26, 2013                      LAW OFFICES OF ARTHUR H. BARENS

25

26                                      By:    _____
                                              Arthur H. Barens
27                                            Attorneys for Plaintiffs,
                                              STUART A. LINDER, M.D., and STUART A.
28                                            LINDER, M.D., INC.

---

                                        **COMPLAINT**                                    -18-

Exhibit 1
25

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, Sta.   number, and address)*: | FOR COURT USE ONLY |
|---|---|

Arthur H. Barens, Esq., SBN 43215
Joe Hariton, Esq. SBN 133994
LAW OFFICES OF ARTHUR H. BARENS
10209 Santa Monica Boulevard
Los Angeles, California 90067
  TELEPHONE NO.: (310) 557-0444   FAX NO.: (310) 557-0444
ATTORNEY FOR *(Name)*: Stuart A. Linder, M.D. and Stuart A. L

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS: 1725 Main Street
  MAILING ADDRESS: Same
  CITY AND ZIP CODE: Santa Monica, CA 90401
  BRANCH NAME: WEST DISTRICT

CASE NAME:  Linder vs. Cynosure, Inc.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 15 2013

John A. Clarke, Executive Officer/Clerk

By        M. Vandeman

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: SC121015 |
|---|---|---|
| [X] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Richard A. Stone   DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 16 (sixteen)
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 07/12/2013

Arthur H. Barens, Esq., SBN 43215
              (TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

Legal Solutions Plus

Exhibit 1
26

| SHORT TITLE: Linder vs. Cynosure, Inc. | CASE NUMBER SC121015 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 4-5 [ ] HOURS/ [X] DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)
>
> 1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
> 2. May be filed in central (other county, or no bodily injury/property damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Steps Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

LA-CV109

Exhibit 1
27

| SHORT TITLE: Linder vs. Cynosure, Inc. | | CASE NUMBER | |
|---|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☒ A6009 Contractual Fraud | 1., 2., ③., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

Exhibit 1
28

| SHORT TITLE: Linder vs. Cynosure, Inc. | | CASE NUMBER | |
|---|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons (See Step 3 Above) |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit 1
29

| SHORT TITLE: Linder vs. Cynosure, Inc. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 9675 Brighton Way, Suite 420 |
|---|---|
| CITY: Beverly Hills | STATE: CA | ZIP CODE: 90210 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Santa Monica</u> courthouse in the <u>West</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: <u>07/12/2013</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Arthur H. Barens, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit 1
30

CASE NO. _____ SC121015 _____

*NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT*

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:**

**IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED** that this action shall be assigned to a Judge for all purposes, including trial, as follows:

Department _____

Richard A. Stone

☒ Santa Monica Courthouse
1725 Main Street
Santa Monica, CA 90401

☐ Judge Richard A. Stone
Beverly Hills Courthouse
Department WE-X
9355 Burton Way
Beverly Hills, CA 90210

**IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT** by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

**CASE MANAGEMENT REVIEW AND CONFERENCE:** Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. **The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give separate notice of the Case Management Review and Conference to all named parties** in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. **Proof of service must be brought to the hearing if not previously filed.** Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110(b)) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

If a case is assigned to Department X, located in the Beverly Hills Courthouse, all documents, pleadings, motions, and papers filed subsequent to the original Complaint shall be filed directly in the courtroom stamped upon the Complaint.

-1-

Exhibit 1
31

**TIME STANDARDS:**  Cases will be subject to processing under the following time standards:

COMPLAINTS:  All Complaints shall be served on all named defendants and proof of service filed within 60 days after the filing of the Complaint.  The Court may set an OSC re failure to file proof of service of Summons and Complaint if not timely filed.  (CRC 3.110(b).)

CROSS-COMPLAINTS:  No Cross-Complaint may be filed by any party after its answer is filed without first obtaining leave of court.  Cross-Complaints shall be served and proof of service filed within 30 days of the filing date, unless a party has appeared in the action.  (CRC 3.110(c).)

**APPLICABLE RULES:**  Counsel as well as self-represented parties are directed to familiarize themselves with the Local Rules for the County of Los Angeles, particularly Chapter 3 Civil Division Rules, and California Rules of Court relating to civil case management.  These Rules apply to all general civil cases and shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE:**  A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment of the Judge, or if a party has not yet appeared, within 15 days of the first appearance of that party.  (Local Rule 2.5(a).)

**PREPARATION AND PROCEDURES FOR CASE MANAGEMENT REVIEW AND CONFERENCE:**  Pursuant to CRC 3.724, no later than 30 calendar days before the date set for the Case Management Conference, **the parties must meet and confer**, in person or by telephone, to consider each of the issues identified in Rule 3.727 and, in addition, to consider the following:

(1)  Resolving any discovery disputes and setting a discovery schedule;

(2)  Identifying and, if possible, informally resolving any anticipated motions;

(3)  Identifying the facts and issues in the case that are uncontested and may be the subject of stipulation;

(4)  Identifying the facts and issues in the case that are in dispute;

(5)  Determining whether the issues in the case can be narrowed by eliminating any claims or defenses by means of a motion or otherwise;

(6)  Determining whether settlement is possible;

(7)  Discuss type of mediation counsel and parties prefer;

(8)  Identifying the dates on which all parties and their attorneys are available or not available for trial, including the reasons for unavailability; and

(9)  Other relevant matters.

-2-

Exhibit 1

32

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case.  In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)     Whether there are any related cases (see CRC 3.300);

(2)     Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)     Whether any additional parties may be added or the pleadings may be amended;

(4)     Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)     Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)     Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)     Whether an early settlement conference should be scheduled and, if so, on what date;

(8)     Whether discovery has been completed and, if not, the date by which it will be completed;

(9)     What discovery issues are anticipated;

(10)    Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)    Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)    Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)    Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

-3-

Exhibit 1
33

(14)   If the trial date has not been previously set, the date by which the case will be ready for trial and the available trial dates;

(15)   The estimated length of trial;

(16)   The nature of the injuries;

(17)   The amount of damages, including any special or punitive damages;

(18)   Any additional relief sought;

(19)   Whether there are any insurance coverage issues that may affect the resolution of the case; and

(20)   Any other matters that should be considered by the Court or addressed in its Case Management Order.

**SANCTIONS:**  The Court has authority to impose appropriate sanctions for the failure or refusal to comply with provisions of the California Rules of Court and Local Rules governing time standards and case management conference requirements or deadlines.  Such sanctions may be imposed upon counsel, a party, or both, as permitted by rule, statute, or law.

**This is not a complete representation of the applicable Local Rules or California Rules of Court, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction Rules.  Careful reading and compliance with the Local Rules and California Rules of Court are absolutely imperative.**

LISA HART COLE, Supervising Judge
Los Angeles Superior Court, West District

ADMIN/LM -1/8/13

-4-

Exhibit 1
34

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge    George H. Wu    and the assigned Magistrate Judge is    Alka Sagar   .

The case number on all documents filed with the Court should read as follows:

## CV13-7123-GW(ASx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 26, 2013
_____
Date

By   C. Sawyer
_____
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☒ **Western Division**
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ **Southern Division**
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ **Eastern Division**
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

COPY

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ )<br>STUART A . LINDER, M.D.; and  STUART A. LINDER, M.D., INC. | DEFENDANTS    ( Check box if you are representing yourself ☐ )<br>CYNOSURE, INC.; CYNOSURE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS NEW ENGLAND CYNOSURE, INC.; and DOES 1 through 50 |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)<br>Arthur H. Barens, Esq. 43215<br>LAW OFFICES OF ARTHUR H. BARENS<br>10209 Santa Monica Blvd.<br>Los Angeles, CA 90067<br>Telephone: (310) 557-0444 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)<br>Craig J. Mariam (SBN: 225280)<br>William F. Small III (SBN: 253443)<br>GORDON & REES LLP<br>633 W. 5th Street Ste. 5200, Los Angeles, CA  90071<br>Telephone:  (213) 576-5000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT:** $ 207,168.75

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441, and 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property |  | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** |  | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **TORTS** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation |  | ☐ 310 Airplane | **PERSONAL PROPERTY** | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV |  | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts |  | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other |  |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** |  |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act |  |
|  | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations |  |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act |  |
|  | ☐ 220 Foreclosure |  | ☐ 443 Housing/ Accomodations | ☐ 751 Family and Medical Leave Act |  |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation |  |
|  |  |  | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act |  |
|  |  |  | ☐ 448 Education |  |  |

| FOR OFFICE USE ONLY:     Case Number: _____ | CV13- 7123 | |
|---|---|---|
| CV-71 (09/13) | CIVIL COVER SHEET | Page 1 of 3 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes ☐ No | ☒ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?** Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?** Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☒ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

American LegalNet, Inc.
www.FormsWorkFlow.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**            DATE: September 26, 2013

William F. Small III

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com